UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


CLARENCE LEONARD,

                Petitioner,

-vs-                                                  Case No.  8:06-cv-220-T-17MSS

JAMES V. CROSBY, JR.,

                Respondent.
_____

**ORDER**

Pro se petitioner Clarence Leonard filed a 28 U.S.C. § 2254 petition for writ of habeas corpus challenging his conviction and sentences entered by the Circuit Court for the Thirteenth Judicial Circuit, Hillsborough County, Florida.

BACKGROUND

After jury trial, Leonard was found guilty of trafficking in cocaine, possession with intent to distribute, and convicted felon with firearm.  He appealed, and on October 25, 2002, the state district court of appeal affirmed the judgment and conviction. Leonard v. State, 835 So. 2d 1128 (2002)[Table].

Petition Is Time-Barred

The Anti-Terrorism and Effective Death Penalty Act created a new limitations period for petitions for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. "A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of ... the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review...." 28 U.S.C. §2244(d)(1)(A). Additionally, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

Leonard states that he did not file any post-conviction motions in state court after his judgment of conviction was final on direct appeal. Pursuant to Bond v. Moore, 309 F.3d 770, 774 (11th Cir. 2002), Leonard's conviction was final on direct appeal 90 days after October 25, 2002, when the period for filing a petition for writ of certiorari in the United States Supreme Court expired. That date was January 23, 2003. Therefore, the one-year limitation period began to run on January 24, 2003, and Leonard had until January 24, 2004, to file a timely federal habeas corpus petition or a state collateral proceeding that would toll the running of the one-year period.   He did not do so.

Leonard claims that he is entitled to equitable tolling because the Department of Corrections did not provide him a copy of the AEDPA and because he did not have

adequate access to legal materials. He claims that the State caused his failure to file timely his federal petition for writ of habeas corpus.

This Court disagrees.  The United States Court of Appeals for the Eleventh Circuit held that AEDPA's one-year limitations period for motions to vacate, set aside, or correct sentences may be equitably tolled when a movant untimely files because of extraordinary circumstances that are beyond his control and unavoidable even with diligence. Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir.1999). Thus, the issue here is whether simple ignorance of AEDPA's limitations period amounts to "extraordinary circumstances." It does not.

Generally, courts are under no obligation to toll a statute of limitations where the late filing resulted from a lack of due diligence by the filing party. See Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990); see also Barrow v. New Orleans S.S. Ass'n, 932 F.2d 473, 478 (5th Cir.1991) (holding that "lack of knowledge of the filing deadlines" does not justify equitable tolling in the EEOC filing context). With specific regard to AEDPA, this Court finds persuasive a case from the Eastern District of Pennsylvania that stated, "Ignorance of the law is no excuse; it is not a reason for equitable tolling." Garrick v. Vaughn, No. Civ. A. 00-4845, 2003 WL 22331774, at *3 (E.D.Pa.2003) (not reported in the Federal Supplement, Second Series) (addressing failure to timely file a § 2254 Application due to ignorance of procedures for filing in forma pauperis and ignorance of delivery procedures under the prison mailbox rule).

Here, Petitioner Leonard's argument is without merit because his ignorance of AEDPA's limitations period fails to amount to "extraordinary circumstance" for equitable

tolling purposes. Furthermore, the attached procedures for the law library at Polk Correctional Institution demonstrate that Leonard had access to the law library.

Accordingly, the Court orders:

That Leonard's petition for writ of habeas corpus is denied, as time-barred. The Clerk is directed to enter judgment against Leonard and to close this case.

ORDERED at Tampa, Florida, on February 13, 2006.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Clarence Leonard